UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In Re Subpoenas Of<br><br>MATT HUME<br>_____<br><br>Related Case:<br><br>CUNG LE, NATHAN QUARRY, JON FITCH, BRANDON VERA, LUIS JAVIER VAZQUEZ, and KYLE KINGSBURY, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ZUFFA, LLC, d/b/a ULTIMATE FIGHTING CHAMPIONSHIP and UFC,<br><br>Defendant. | Case No. C17-1104RSL<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO TRANSFER<br><br><br><br>Underlying Case No.: C15-1045RFB-PAL (D. Nev.) |

**I. INTRODUCTION**

This matter comes before the Court on "Plaintiffs' Motion to Transfer Their Motion to Compel Deposition and Production of Documents by Third Party Matt Hume and Motion for Sanctions." Dkt. # 6. Plaintiffs request that the Court transfer this discovery dispute to the

ORDER GRANTING PLAINTIFFS'
MOTION TO TRANSFER - 1

District of Nevada where the underlying litigation is pending. Dkt. # 6 at 1. Defendants and Nonparties Matt Hume and Group One Holdings PTE Ltd. oppose transfer on the grounds that plaintiffs have failed to demonstrate the existence of exceptional circumstances sufficient to justify a transfer. Dkt. #20 at 3. For the reasons set forth below, the motion to transfer is GRANTED.

## II. BACKGROUND

Plaintiffs are professional Mixed Martial Arts ("MMA") fighters who have fought for defendant Zuffa, LLC, in the past and/or whose name, voice, persona, or likeness has been used by Zuffa for marketing purposes. Dkt. # 6 at 4-5. Zuffa promotes live professional MMA events under the name of Ultimate Fighting Championship or "UFC." Zuffa hires fighters to perform and market those events. Dkt. # 1 at 6. Plaintiffs allege in the underlying litigation that Zuffa illegally exercised its market power to attain a monopoly over marketing and promotion of MMA events as well as effective monopoly over exclusive access to professional MMA fighters. Dkt. # 6 at 3-4. Zuffa has allegedly done this by acquiring its largest competitors and locking the top MMA fighters into exclusive contracts, thereby preventing fair competition for the fighters and for other MMA organizations to promote themselves. Dkt. # 6 at 3. Plaintiffs allege that Zuffa holds exclusive rights to past footage of fighters they have signed and refuses to license that footage to other promoters even when it is crucial to advertising upcoming fights for that fighter. Dkt. # 6 at 4. The underlying litigation is in the final stages of discovery before class certification, and plaintiffs issued a subpoena seeking the deposition and documents of third party Matt Hume. Dkt. # 1 at 5. Mr. Hume is Vice President for Operations and Competition for Group One Holdings Pte. Ltd., a company which runs an MMA promotion known as One Championship. Dkt. # 1 at 5. In the underlying litigation, Mr. Hume provided a declaration to Zuffa in which he states that "One Championship is not a minor league or feeder league for the UFC" and that it "competes with Zuffa to sign professional MMA fighters." Dkt. #1 at 5. Plaintiffs seek discovery regarding the veracity of this statement, arguing that the evidence is

directly relevant to their case and will enable them to show that Zuffa denied other MMA promoters, such as One Championship, access to necessary resources and opportunities to promote their fighters and events, thereby diminishing the status of rival promoters. Dkt. # 1 at 5. Mr. Hume has refused to appear for deposition or provide the requested documents, prompting plaintiffs to file a motion to compel in the Western District of Washington where compliance is required. Fed. R. Civ. P. 45. Plaintiffs would like to transfer this discovery dispute to the district where the underlying litigation is pending, arguing that Magistrate Judge Peggy A. Leen has overseen discovery in this case for two years, is familiar with the issues, and is best placed to ensure the efficient and consistent resolution of the issues presented.

## III. ANALYSIS

A discovery dispute will be transferred from the district where compliance is required only if the person subject to the subpoena consents or exceptional circumstances justify the transfer. Fed. R. Civ. P. 45(f). Mr. Hume does not consent to transfer. Plaintiffs, therefore, bear the burden of showing that exceptional circumstances exist. Fed. R. Civ. P. 45(f) Advisory Comm. Notes (2013).

> The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

Id. Courts in this district have considered a variety of factors when determining if exceptional circumstances exist that warrant transfer. These factors include "[case] complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." Ford Glob. Techs., LLC v. New World Int'l, Inc., 2015 WL 6507151 at *2 (W.D. Wash. Oct. 27, 2015) (citing Judicial Watch, Inc. v. Valle

ORDER GRANTING PLAINTIFFS'
MOTION TO TRANSFER - 3

Del Sol, Inc., 307 F.R.D. 30, 34 (D.D.C. 2014)).

As noted by the Advisory Committee, the first consideration is whether the transfer of this discovery dispute to the District of Nevada would impose a substantial burden on Mr. Hume. The Court finds that the burden on Mr. Hume would be minimal and is not unreasonable. Mr. Hume has already injected himself into the Nevada litigation, offering testimony in the form of a declaration and making himself a fact witness in the underlying dispute. Plaintiffs have agreed that Mr. Hume can participate in any necessary hearings by telephone and will accept electronic versions of any documents produced. Magistrate Judge Leen has previously ruled that these are acceptable methods for conducting discovery. Dkt. # 6 at 12. Given Mr. Hume's willingness to insert himself into the Nevada litigation and his ability to participate in the proceedings remotely, the general concerns regarding forcing local nonparties to appear in a foreign venue are effectively nullified.

Efficiency and judicial economy are best served by transferring this case to the District of Nevada. Discovery in the underlying litigation has been ongoing for two years, and Magistrate Judge Leen has been extensively involved in the litigation, holding ten status conferences and ruling on a number of discovery motions. Judge Leen specifically considered matters related to the subpoena issued to Mr. Hume at a three hour dispute resolution conference held in June of this year. Dkt. # 3-14. Magistrate Judge Leen's extensive knowledge of the intricacies of this complex litigation will allow her to evaluate the relevance of the requested evidence and proportionality more quickly than this Court could. In addition, Magistrate Judge Leen has been involved in scheduling decisions regarding the antitrust case and would be able to prioritize this dispute so it is resolved on a schedule that fits the needs of the underlying litigation. Whatever choice this Court might make between (a) rushing to resolve this discovery dispute to avoid delay in the antitrust action or (b) continuing the case management deadlines to allow careful consideration of the issues presented, it would be wholly disconnected from the expectations of the presiding judicial officer and unlikely to maximize either efficiency or judicial economy.

ORDER GRANTING PLAINTIFFS'
MOTION TO TRANSFER - 4

Magistrate Judge Leen already considered the possible delays caused by Mr. Hume's initial refusal to accept service of the subpoena(Dkt. # 3-14) and indicated a preferred course of action in those circumstances. Delay is again at issue, and Magistrate Judge Leen's familiarity with the parties, their tactics, and the needs of the case will assist in the efficient and timely resolution of this matter.

Mr. Hume points out that some of his objections to the subpoena are idiosyncratic and have not yet arisen in the underlying litigation. Mr. Hume argues that this Court is in just as good a position to determine whether Mr. Hume has custody or control over his employer's documents and whether considerations of international comity should prevent plaintiffs from reaching Group One's documents as is Magistrate Judge Leen. The Court disagrees. The nature of the industry and how promoters perform their functions -- issues with which Magistrate Judge Leen is likely familiar at this point -- will inform the resolution of these discretionary issues. Moreover, these issues cannot be divorced from the substantive question of the importance of the discovery to plaintiffs and the case management issues discussed above.

### IV. CONCLUSION

For all the forgoing reasons, plaintiffs' motion is GRANTED. The Clerk of Court is directed to transfer this discovery dispute to the District of Nevada

Dated this 22nd day of September, 2017.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

ORDER GRANTING PLAINTIFFS'
MOTION TO TRANSFER - 5